# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:07CV109-V

| | |
|---|---|
| EDIE BALISTRIERI,<br>      Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br>      Defendant. | AMENDED<br><br>FINAL PRETRIAL ORDER |

**THIS MATTER** is before the Court for purposes of entry of a Final Pretrial Order which will govern pretrial proceedings and confirm placement of this matter on the Court's civil trial calendar for **April 20, 2009.**

**A.**    **TRIAL & FINAL PRETRIAL CONFERENCE:**    Trial will commence with jury selection on **Monday, April 20, 2009**, with opening statements and the presentation of Plaintiff's evidence to begin immediately following the impaneling of the jury. The Court will seat eight (8) jurors. The Court will conduct a final pretrial conference on **Tuesday, April 7, 2009 at 2:00 p.m.** All proceedings will take place in the Statesville Division, 2nd Floor Courtroom, 200 West Broad Street, Statesville, North Carolina.

**B.**    **TRIAL SUBPOENAS:** Except for rebuttal witnesses, counsel must subpoena all witnesses on or before seven (7) days before the date set for their appearance in the trial. The Court in its discretion may elect not to enforce subpoenas that were issued after this deadline or, if requested, may quash subpoenas that were issued after this deadline.

**C.**    **JURY VOIR DIRE**: The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire. Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's determination of reasonableness and relevance. Alternatively, the Court may elect to permit counsel to conduct voir dire subject to time limits.

**D. COUNSEL'S DUTIES PRIOR TO TRIAL:**

1. Plaintiff shall identify specific deposition designations on or before **February 18, 2009.** The deposition designations shall identify the name of each witness whose testimony is designated, the date of the witnesses' deposition and the page(s) and line(s) within the deposition that are being designated.

2. Defendant shall identify specific deposition designations on or before **March 6, 2009.**

3. Exchange witness and exhibit lists on or before **March 9, 2009.**

4. Review, inspect, or exchange graphics and summary exhibits to be used at trial on or before **March 20, 2009.**

5. Exchange counter-designations to deposition designations / objections (in the same manner described above) on or before **March 27, 2009.**

6. Meet and confer on each outstanding Motion in *Limine* and Objections to on or before **March 27, 2009.**

If any party fails to comply in a timely manner, the Court may impose sanctions, including, but not limited to, a $100-per-day fine assessed against counsel.

**E. COUNSEL'S FILINGS PRIOR TO TRIAL:**

1. File reply briefs, if necessary, for *previously filed* Motions in *Limine* on or before **March 13, 2009.**

2. File a Notice of Withdrawal as to any Motion in *Limine* that is no longer at issue on or before **March 27, 2009.**

3. Defendant shall file its red-lined version of Plaintiff's proposed jury instructions and form of special verdict on or before **March 27, 2009.** Additional or amended instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction or red-line **must** contain a supporting

citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered.

4. No later than the first day of trial, **on April 20, 2009,** counsel for each party shall file the following:

   a. A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

   b. A stipulated Statement of Facts**.** The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

   c. Identification of those exhibits to which authenticity and admissibility is stipulated;

   d. A list of depositions to be offered into evidence in lieu of live testimony; and

   e. An exhibit list [per F., below]. If possible, the parties are to cross-reference those exhibits that are identical.

**F.** **EXHIBIT NOTEBOOKS:** If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare **two (2) identical exhibit notebooks,** or sets of exhibit notebooks (1 for the Court and 1 for opposing counsel). Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Counsel for each party shall serve opposing counsel with one (1) copy of all of its exhibit notebooks with an index and tabs on **March 31, 2009.**

**G.** **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #   Cross-Reference Exhibit #   Description   Identified by   Admitted   Bates No.

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

**H.     ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and **per diem** fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**I.     WITNESS SEQUESTRATION:** All non-party and non-expert witnesses are required to be sequestered from the courtroom during trial.

**J.     CORPORATE DESIGNATIONS:** Any corporate party shall designate a single corporate representative for purposes of trial in its witness list. The corporate representative will not be sequestered.

**K.     SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER:**

To the extent that any provision of the Local Rules or the Federal Rules or the Federal Rules of Civil Procedure conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court unless otherwise specified, *supra.* Agreements among the parties to modify this Order, except as provided, *supra,* the Local Rules, or the Federal Rules of Civil Procedure will not be enforced by this Court. Failure to comply with any provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

Signed: February 13, 2009

Richard L. Voorhees
United States District Judge